IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE M. LUZIER, | : | CIVIL ACTION NO. 3:06-CV-1590 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | Electronically Filed |
| LABOR AND INDUSTRY, | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Date Rule 16.3(B) conference was held by counsel: <u>September 24, 2008</u>

**A.    A brief statement as to federal court jurisdiction.**

This court has jurisdiction over this matter under 42 U.S.C. § 2000e-2(a)(1) and under 28 U.S.C. § 1331.

**B.    A summary statement of facts and contentions as to liability.**

### FACTS

Marlene M. Luzier, was an employee at the Department of Labor and Industry (L&I). Throughout her tenure in the work unit, Ms. Luzier experienced an environment infused with gender-based animus and overt sexist attitudes most often expressed by Billy Lanham, Ms. Luzier's second-level supervisor. Ms. Luzier applied and was interviewed for a position recently vacated by her direct supervisor, Elwin Lindke. Ms. Luzier was qualified and had direct experience in the position but was not selected. Instead, the employer selected a less experienced male, J.P., for the position claiming that he performed better in his interview. The employer's explanation, however, is fraught with inconsistencies and implausibilities. The overtly sexist supervisor, Mr. Lanham, pre-selected J.P. and engineered Ms. Luzier's unsuccessful interview. The Bureau Chief, John Vogel, disrupted Mr. Luzier's interview and Mr. Lanham admittedly withheld material information from the interview panel in order that J.P. would be selected.

Following Ms. Luzier's non-selection, the work environment became so intolerable that Ms. Luzier sought medical attention for the first time in a decade. Ms. Luzier's doctor recommended that she remove herself from the environment in order to preserve her health.

Defendant/employer made its hiring decision on the basis of Ms. Luzier's gender in violation of the Civil Rights Act. Further, Defendant/employer created a hostile environment that ultimately resulted in Ms. Luzier's constructive termination from employment.

**C. A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3.**

     N/A

**D. A brief description of damages, including, where applicable:**

    (1)    **Compensatory damages (9/26/2005 – 9/30/2008): <u>$121,729.00</u>[1]**

    (2)    **Estimated value of pain and suffering, etc.:**   <u>$100,000.00</u>

    (3)    **Special damage claims:**

        (a) Reinstatement of employment

        (b) Retirement/Pension benefits:  The parties have agreed that, in the event liability is established for wage loss, losses of SERS retirement benefits will be calculated post-trial.

        (c) Medical:  Plaintiff has paid $ 2,154.70 out-of-pocket for costs related to her medical care calculated as follows:

     $    555.00    8/22/2006 – 9/15/2008  treatment with Helene Cohen[2]

     $    350.00    9/26/2005 – 3/14/2007 treatment with Dr. Scott Mueller, M.D.[3]

     $    130.00    12/5/2005 treatment with Francis Brescia, D.O.

     $    77.81    9/1/2005 – 9/23/2008 prescription medications[4]

     $  1041.89    7/2006 – 9/2008 health insurance payments ($39.12/mo x 26 mo)[5]

    (4)    **Costs**
        Legal fees and costs through September 30, 2008[6]     <u>$ 46,777.53</u>

---

[1]    Will be updated at trial.
[2]    Will be updated at trial.
[3]    Will be updated at trial.
[4]    Will be updated at trial.
[5]    Will be updated at trial.
[6]    Will be updated at trial.

**E. Names and addresses of witnesses along with the specialties and qualifications of experts to be called:**

(1)  Elwin Lindke
     263 Keltner Court
     Spring Hill, FL

(2)  Audrey Bergstreser
     5884 Tyler Drive
     Harrisburg, PA 17112

(3)  James Rabenold
     Last known address
     Labor & Industry
     Harrisburg, PA 17101

(4)  Billy Lanham
     Last known address
     Labor & Industry
     Harrisburg, PA 17101

(5)  Gina Frye
     Labor & Industry
     Harrisburg, PA 17101

(6)  Helene Cohen (treating counselor)
     3333 North Front Street
     Harrisburg, PA 17110

     **Specialty**:
     Psycho-therapy

     **Qualifications**:
     Ms. Cohen has been providing Ms. Luzier with counseling and therapy after she left the employment of the Defendant/employer. Ms. Cohen has knowledge of Ms. Luzier's mental health condition and the causes therefore.

(7)   Dr. Scott Mueller, M.D. (treating physician) (testimony to be taken by deposition)
2025 Technology Parkway, Suite 207
Mechanicsburg, PA 17050

**Specialty**:
Family Medicine

**Qualifications**:
Dr. Mueller has been treating Ms. Luzier's since September of 2005.  Dr. Mueller has knowledge of Ms. Luzier's health diagnoses and the causes therefore.

(8)   Marlene Luzier
P.O. Box 372
Dauphin, PA  17018

## F. Summary of testimony of each expert witness.

Helene Cohen is Ms. Luzier's treating counselor and will give testimony about Ms. Luzier's declining mental health and treatment between August 22, 2006 through the present, which result from the employment environment and subsequent loss of employment.

Dr. Scott Mueller is Ms. Luzier's treating physician and will give testimony about Ms. Luzier's declining health and treatment between September 26, 2005 and the present, which result from the employment environment and subsequent loss of employment.

## G. Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

The parties are awaiting this Court's ruling on Defendant's motion in limine to exclude Dr. Scott Mueller's testimony.  If the motion is denied, Plaintiff intends to take Dr. Mueller's testimony by deposition.

## H. A summary of legal issues involved and legal authorities relied upon.

Plaintiff's counsel does not believe there are any significant legal issues in dispute.  The issues in dispute are factual.

## I. Stipulations desired.

The parties are working on developing stipulations as to the precise amount of wage loss and expect that stipulations will be agreed upon by the time of trial.  In the event the parties agree upon a wage-loss stipulation, Plaintiff will produce an amended/shortened exhibit list.

## J. Estimated number of trial days.

3

**K. Any other matter pertinent to the case to be tried.**

      1.     Because almost all of the witnesses reside in and around Harrisburg, PA, the parties jointly request that the trial be conducted in Harrisburg.

      2.     At the 16.3(B) conference Defendant represented that Plaintiff will not need to subpoena Billy Lanham, Gina Frye or James Rabenold.

**L. Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.**

      Attached

**M. Append any special verdict questions which counsel desires to submit.**

      N/A

**N. Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.**

      N/A

**O. Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.**

      Dr. Mueller's deposition testimony has not yet been taken.

                  Respectfully submitted,

                  STROKOFF & COWDEN, P.C.


                  By: /s/ Jennifer A. Nachamkin
                       Elliot A. Strokoff, Esq.
                       I.D. No. 16677
                       Jennifer A. Nachamkin, Esq.
                       I.D. No. 200931
DATE:      10/1/08          132 State Street
                       PO Box 11903
                       Harrisburg, PA  17108-1903
                       (717) 233-5353

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE M. LUZIER, | : | CIVIL ACTION NO. 3:06-CV-1590 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | Electronically Filed |
| LABOR AND INDUSTRY, | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

---

### CERTIFICATE OF SERVICE

---

The undersigned hereby acknowledges that on this date the foregoing document is

being served electronically upon the following according to the U.S. District Court for the Middle

District ECF guidelines:

Abbegael Pacuska Giunta, Esquire
Deputy Attorney General
Office of Attorney General
Litigation Section, 15th Floor
Strawberry Square
Harrisburg, PA  17120

Dated:       10/1/08                    By:  /s/ Jennifer A. Nachamkin

6