# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARLENE M. LUZIER,** | : | **No. 3:06cv1590** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF LABOR AND INDUSTRY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendant's motion *in limine* to exclude the expert testimony of Scott Mueller, M.D. (Doc. 63). Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of plaintiff's employment with the Defendant Department. Plaintiff contends that defendant did not promote her to an available position because she is a woman. After the parties completed discovery in the case, defendants filed a motion for summary judgment. The court granted the motion in part and denied it in part. As a result of the court's disposition of that motion, two of plaintiff's former supervisors in the Defendant Department were dismissed from the case. Only the Defendant Department of Labor and Industry remains. In addition, the court dismissed a number of plaintiff's claims; only plaintiff's claims of sex discrimination in the hiring decision and hostile environment in the workplace

pursuant to Title VII of the Civil Rights Act of 1964 remained.

The court then scheduled a pre-trial conference in the case, ordering the parties to file motions *in limine* prior to the date of the conference. Defendant filed the instant motion to exclude the testimony of Dr. Mueller. Plaintiff then filed a brief in opposition, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 2000e, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

Defendant argues that Dr. Mueller's testimony should be excluded because plaintiff failed to comply with Federal Rule of Civil Procedure 26(a)(2), which requires that parties provide written reports from experts they intend to call at trial. The report, defendant contends, does not meet the requirements that an expert report provide the data and information on which that report is based. Dr. Mueller, defendant contends, also does not provide adequate information about his qualifications to serve as an expert. Finally, Dr. Mueller has not provided the defendant with a list of his publications, as required by the Federal Rules. Plaintiff responds that Dr. Mueller has not been called as an expert witness. Instead, he is plaintiff's treating physician and as such can be called as a witness without having to

provide an expert report.

The court agrees with the plaintiff. Federal Rule of Civil Procedure 26(a)(2)(A) requires that parties disclose the identity of any witness who may testify at trial as an expert pursuant to Rule 702 of the Federal Rules of Evidence. See FED. R. EVID. 702 (establishing that "[i]f scientific technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."). Rule 26(a)(2)(B) establishes that "with respect to a witness who is *retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony*," the disclosure of that witness "will be accompanied by a written report prepared and signed by the witness." (emphasis in original). By the terms of this rule, then, a witness not specifically retained as an expert need not prepare a written report for disclosure.

Plaintiff's answers to defendant's interrogatories, included as an exhibit to plaintiff's response to the instant motion, indicate that Dr. Mueller has not been retained by the plaintiff to render an expert opinion. (See Exh. 3 to Plaintiff's Brief in Opposition to Defendant's Motion in Limine (Doc. 65-3)). Instead, Dr. Mueller has

3

been treating plaintiff since 2005, before she filed the instant action. (Id.). He intends in his testimony to offer an opinion on plaintiff's medical condition and the causes of that opinion based on his treatment of her. (Id.). He has provided his treatment records to the defendant in addition to a report on that treatment. He was not, therefore, retained as an expert for the purpose of litigation and does not meet the requirements for disclosure under Rule 26(a)(2)(B). Dr. Mueller is plaintiff's treating physician and therefore can testify as to his treatment without providing an expert report.

The Advisory Committe for the federal rules has also declared that "treating physicians, can be deposed or called to testify at trial without the requirement of a written report." FED. R. CIV. P. 26(a)(2) (Advisory Committee Notes, Amendment 1993). Since Dr. Mueller is plaintiff's treating physician, he squarely fits this exception. He has provided defendants with the records of his treatment, and he may testify at trial as an expert on matters related to that treatment without filing an expert report. See, e.g., Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 89 (N.D. N.Y. 2004) (holding that "a treating physician is an expert witness who can provide opinion testimony consistent with Rule 702, [and] must be identified for the purpose of being subjected to further disclosure . . . but does not have to provide a written report before being deposed or testifying at trial."); Martin v. CSX Transportation, Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003) (finding that disclosure of expert reports was unnecessary since "the anticipated opinion testimony of"

4

plaintiffs' doctors "was formulated during the examination and care of [plaintiff], not in anticipation of litigation.").

Accordingly, the defendant's motion *in limine* will be denied. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARLENE M. LUZIER,** | : | No. 3:06cv1590 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF LABOR AND INDUSTRY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 2nd day of October 2008, the defendant's motion *in limine* to exclude the testimony of Dr. Scott Mueller (Doc. 63) is hereby **DENIED**.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**